**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RAY DOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-1084-JWB-TJJ |
| | ) |
| NATIONAL CARRIERS, INC., and | ) |
| NATIONAL BEEF PACKING COMPANY, LLC, | ) |
| | ) |
| Defendants. | ) |

**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

Plaintiff alleges in his Complaint that this Court has original subject-matter jurisdiction

over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of

citizenship between Plaintiff and Defendants.[1] On June 22, 2023, Defendants filed their Answer

to Plaintiff's Complaint (ECF No. 6) and Corporate Disclosure Statement (ECF No. 7). A review

of the citizenship allegations in Defendants' filings raises an issue whether complete diversity

exists between Plaintiff and Defendants for the Court to have subject-matter jurisdiction over this

action.

Federal courts have limited jurisdiction and may exercise jurisdiction only when

specifically authorized to do so.[2]  A federal court has an independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[3]

---

[1] Pl.'s Complt. ¶ 4.

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[4] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[5] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[6]

Plaintiff alleges in his Complaint that he is a resident and citizen of Texas.[7]  He further alleges in paragraph 2 of his Complaint that Defendant National Carriers, Inc., "is a corporation organized and existing under the laws of the State of Kansas and having its principal place of business in Liberal, Kansas."[8] Complaint paragraph 3 alleges that Defendant National Beef Packing Company, LLC  is a "limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Kansas City, Missouri."[9]

In their Answer, Defendants admit in response to paragraph 2 of Plaintiff's Complaint that "National Carriers, Inc. is a Kansas corporation and that its registered agent is CT Corporation System, at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603, but *deny any*

---

[4] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[6] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[7] Pl.'s Complt. ¶ 1.

[8] Pl.'s Complt. ¶ 2.

[9] Pl.'s Complt. ¶ 3.

*remaining allegations.*"[10]  Defendants also admit the allegations contained in paragraph 3 of

Plaintiff's Complaint regarding Defendant National Beef Packing Company, LLC.[11]

Defendants also filed their Corporate Disclosure Statement (ECF No. 7). In that

document, Defendant National Carriers, Inc. alleges the following with respect to its citizenship:

> National Carriers is a Kansas corporation with its principal place of business in
> **Texas.** National Carriers is a wholly-owned subsidiary of National Beef Packing
> Company, LLC.[12]

Co-defendant National Beef Packing Company, LLC alleges the following with respect to its

citizenship:

> National Beef is owned by the following four entities: (1) NBM US Holdings,
> Inc. (owns more than 10% of its stock), (2) NBPCo Holdings, LLC, (3) U.S.
> Premium Beef, LLC. (owns more than 10% of its stock), and (4) TMK Holdings,
> LLC. NBM US Holdings, Inc. is a Delaware corporation with its principal place
> of business in Sao Paulo, Brazil; NBPCo Holdings, LLC is a South Dakota
> limited liability company with its principal place of business in South Dakota;
> U.S. Premium Beef, LLC is a Delaware limited liability company with its
> principal place of business in Missouri; TMK Holdings, LLC is a Missouri
> limited liability company with its principal place of business in Missouri.[13]

For diversity jurisdiction purposes, the citizenship of a business entity is determined by

its organizational structure. If the business is a corporation, it is a citizen of the state where it is

incorporated and the state where its principal place of business is located.[14]  If the business entity

is a limited liability company, its citizenship is determined by the citizenship of each member of

---

[10] Defs.' Answer (ECF No. 6) ¶ 3 (emphasis added).

[11] Defs.' Answer ¶ 4.

[12] Defs.' Corporate Disclosure Statement (ECF No. 7) at 1 (bold and underlining added).

[13] Defs.' Corporate Disclosure Statement (ECF No. 7) at 1–2.

[14] *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

the limited liability company.[15] The citizenship of all members of an LLC must be traced through however many sub-member layers may exist.[16] Recognizing that a party suing an LLC may not have all the information it needs to plead the LLC's citizenship, Federal Rule of Civil Procedure 7.1(a)(2) requires a party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party.[17]

Defendant National Carriers, Inc. states in its Corporate Disclosure Statement that it is a Kansas corporation with its principal place of business in Texas. As Plaintiff has alleged in his Complaint that he is a citizen of Texas, there would be a lack of complete diversity requiring dismissal of this case for lack of subject-matter jurisdiction. Plaintiff is therefore required to show good cause in writing to District Judge John W. Broomes, **on or before July 19, 2023**, why the Court should not dismiss this action for lack of diversity jurisdiction under 28 U.S.C. § 1332.

---

[15] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *Calton v. JVM Sovereign Apartments, LLC,* 17-2739-DDC-JPO, 2018 WL 3708167, at *1 (D. Kan. Aug. 3, 2018) ("If the entity is a limited liability company, its citizenship is decided by the citizenship of each one of its members.").

[16] *See Pentair Flow Techs., LLC v. L.I. Dev. Kansas City, LLC*, No. 22-2241-JAR-ADM, 2022 WL 2290532, at *1 (D. Kan. June 24, 2022) ("To establish diversity of citizenship with respect to the defendant LLC, plaintiff must identify its members and their citizenship and trace the citizenship of any other members through however many layers may exist.") (collecting cases). *See also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

[17] Fed. R. Civ. P. 7.1(a)(2) and advisory committee's note to 2022 amendment.

4

**IT IS THEREFORE ORDERED** that <u>Plaintiff</u> shall show good cause in writing to District Judge John W. Broomes, **<u>on or before July 19, 2023</u>**, why the Court should not dismiss this action for lack of diversity jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated July 5, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

5