# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RAY DOOLEY,                                                )
                                                           )
               Plaintiff,                     )
                                                           )
v.                                                         )   Case No. 23-cv-1084-JWB-TJJ
                                                           )
NATIONAL CARRIERS, INC., and                               )
NATIONAL BEEF PACKING COMPANY, LLC,                        )
                                                           )
               Defendants.                    )

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff alleges in his Complaint that this Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff, domiciled in Texas, and Defendants National Carriers, Inc., ("National Carriers") and National Beef Packing Company, LLC ("National Beef").[1] Based on disclosures and filings regarding Defendants' citizenship filed after the pretrial conference, it now appears the Court lacks complete diversity required for jurisdiction. National Carriers has alleged and provided support that its principal place of business is located in Texas, and National Beef has alleged and provided support that its member, U.S. Premium Beef, LLC, has at least one limited liability member who is a citizen of Texas, which supports the conclusion both Defendants are non-diverse from Texas-domiciled Plaintiff.

---

[1] Pl.'s Complt. ¶ 4. Early in the case, the Court issued a notice and show cause order to Plaintiff (ECF No. 8) concerning the apparent lack of diversity with National Carriers based on its initial corporate disclosure statement alleging it is "a Kansas corporation with its principal place of business in Texas." ECF No. 7. Plaintiff responded with his diversity jurisdiction statement (ECF No. 9) that National Carriers' principal place of business is in Kansas or Missouri and attached a 2021 Texas Franchise Tax Report in support. On August 31, 2023, the Court entered an order (ECF No. 10) finding Plaintiff needed only make a prima facie showing of jurisdiction at that early stage of the case and concluded Plaintiff made a prima facie showing of subject matter jurisdiction, thus satisfying the show cause order.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[2]  A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[3] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[4] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[5] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[6] The relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.[7]

For diversity jurisdiction purposes, the citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[4] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[6] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[7] *Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F.3d 1233, 1239 (10th Cir. 2015).

incorporated and the state where its principal place of business is located.[8] If the business entity is a limited liability company, its citizenship is determined by the citizenship of each member of the limited liability company.[9] The citizenship of all members of an LLC must be traced through however many sub-member layers may exist.[10] Recognizing that a party suing an LLC may not have all the information it needs to plead the LLC's citizenship, Federal Rule of Civil Procedure 7.1(a)(2) requires a party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party.[11]

In this case, the parties submitted their proposed pretrial order on August 5, 2024, which stated: "Subject-matter jurisdiction is invoked under 28 U.S.C. § 1332, and is not disputed." At the August 13, 2024 pretrial conference, the Court sought to confirm with counsel that National Carriers' place of incorporation and principal place of business are located in states *other than Texas,* and that none of National Beef's LLC members were domiciled in Texas. When counsel

---

[8] *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[9] *See Siloam Springs*, 781 F.3d at 1234 ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *Calton v. JVM Sovereign Apartments, LLC,* 17-2739-DDC-JPO, 2018 WL 3708167, at *1 (D. Kan. Aug. 3, 2018) ("If the entity is a limited liability company, its citizenship is decided by the citizenship of each one of its members.").

[10] *See Pentair Flow Techs., LLC v. L.I. Dev. Kan. City, LLC*, No. 22-2241-JAR-ADM, 2022 WL 2290532, at *1 (D. Kan. June 24, 2022) ("To establish diversity of citizenship with respect to the defendant LLC, plaintiff must identify its members and their citizenship and trace the citizenship of any other members through however many layers may exist.") (collecting cases). *See also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

[11] Fed. R. Civ. P. 7.1(a)(2) and advisory committee's note to 2022 amendment.

were not able to provide confirmation, the Court set an August 30, 2024 deadline for: (1) National Carriers to file an amended or supplemental Rule 7.1(a)(2) citizenship disclosure statement that verified the state(s) where incorporated and its principal place of business is located, and (2) National Beef to file an amended or supplemental Rule 7.1(a)(2) citizenship disclosure statement that identified the citizenship of each LLC member.

On August 30, 2024, Defendants filed their amended corporate disclosure statement (ECF No. 51) stating, in pertinent part:

> National Carriers is a **Kansas** corporation with its principal place of business in **Texas** – where its corporate headquarters are located and its officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).[12]

Limited liability company National Beef also disclosed that it is owned by four entities, three of which are LLCs themselves. It further disclosed the following unverified information about its LLC member U.S. Premium Beef, LLC:

> U.S. Premium Beef, LLC is a Delaware limited liability company with its principal place of business in Missouri. The members of U.S. Premium Beef, LLC are individuals domiciled in the following states: **Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Iowa, Illinois, Kansas, Louisiana, Minnesota, Missouri, Mississippi, North Dakota, Nebraska, New Mexico, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, <u>Texas</u>, Washington, West Virginia,** and **Wyoming**.[13]

Plaintiff filed a response (ECF No. 53) to the Defendants' amended disclosure statement arguing that National Carriers' principal place of business is located in Kansas and not Texas as claimed by National Carrier. Plaintiff also argued National Beef only identified the first layer of

---

[12] Defs.' Am. Corp. Disclosure Statement (ECF No. 51) (bold in original).

[13] *Id.* (underlining added).

its LLC members and did not identify the allegedly Texas-domiciled members of one of its LLC members, U.S. Premium Beef, LLC.

On September 9, 2024, the Court held a status conference to discuss the diversity jurisdiction issues raised by the parties' filings (ECF Nos. 51, 53, and 54). The Court set a September 23, 2024 deadline for National Beef to file a second amended or supplemental Rule 7.1(a)(2) citizenship disclosure statement with supporting affidavits and/or declarations from those with authority and relevant knowledge of the LLC members of U.S. Premium Beef, LLC.[14] The Court also ordered the affidavits and/or declaration provide "the names and addresses of the LLC members of U.S. Premium Beef LLC who were citizens of the state of Texas *at the time of the filing of the Complaint in this case*."[15]

On September 23, 2024, Defendants filed their second amended disclosure statement (ECF No. 57) with (1) the Declaration of Phil Groetken, Senior Vice President, Transportation and Logistics of National Beef and a director of National Carriers, and (2) a notarized letter signed by Stanley D. Linville, Chief Executive Officer of U.S. Premium Beef, LLC. Mr. Groetken states in his Declaration that National Carriers has two primary offices, one in Irving, Texas and one in Liberal, Kansas, and the Texas office is often times considered National Carriers' "corporate headquarters" and the Kansas office the "operational headquarters."[16] Mr. Linville states in his letter that U.S. Premium Beef, LLC "has 39 members with Texas mailing addresses," and "[o]f the 39 members with Texas mailing addresses, 34 are individuals."[17] Mr. Linville further

---

[14] Minute Entry and Order, ECF No. 55.

[15] *Id.* (emphasis added).

[16] Groetken Decl., ECF No. 56-1, ¶¶ 7 and 9.

[17] Linville Letter, ECF No. 56-1.

summarizes by stating "at least one of our 39 members for sure is a Texas corporation, and therefore a citizen of Texas, that up to an additional 34 individual members may be, and very likely are, Texas citizens."[18]

Plaintiff, as the party invoking diversity jurisdiction, bears the burden of proving its existence by a preponderance of the evidence."[19] A review of the citizenship allegations in Defendants' filings indicates a lack of complete diversity exists between Plaintiff and both National Carriers and National Beef, which deprives this Court of subject-matter jurisdiction over this action. National Carriers has provided a declaration supporting its principal place of business is located in Texas and National Beef has provided a notarized letter supporting its member, U.S. Premium Beef, LLC, has at least one limited liability member who is a citizen of Texas, which makes both Defendants non-diverse from Texas-domiciled Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff shall show good cause in writing to District Judge John W. Broomes, **on or before October 25, 2024**, why the Court should not dismiss this action for lack of diversity jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated September 25, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[18] *Id.*

[19] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

6